UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICACIO FLORES VILLALOBOS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant. | Case No. 25-cv-02611-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### I.     Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

2  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3  do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."

4  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

5  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

7  right secured by the Constitution or laws of the United States was violated; and (2) that the

8  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

9  42, 48 (1988).

**II.  Complaint**

      In the caption, the complaint names as the sole defendant the State of California Government Claim Department of General Services.  Plaintiff requests that this case be consolidated with C No. 24-cv-02184 JST, and with his government claim cases on file with the State of California.  ECF No. 1 at 2.  The statement of claim is as follows:

> Order of Dismissal on January 8, 2025
> Pro se civil rights action.
> Pro se civil rights action.
> Release – Open any all gag orders to and from Nicacio Flores Villalobas from counties of San Benito County, Monterey County & military. Date of January 8, 2025. Case #24-CV-02184 JST was amended and sent to by mail to Clerk, US District Court for the Northern District of California, 450 Golden Gate Ave. Box 36060, San Francisco CA 94102.
> Since then State of California has restricted and discontinued governmental programs of welfare state hearing Case # SHN-105101234 has reached to an appeals court level for Case # 2020948 to consider Title 8 the Organization and Government of Court § 71615, Military Plaintiff. Super Citizen Title, Laws of Land violations;  § 17202. Specific or preventative relief. Pro bono service, all specified statements/motions without holding a competency hearing, Case #24-cv-02184 JST.  Stay on amended leave filing on same date of judgment. All requested relief from all complaints to be enforced by existing law.

ECF No. 1 at 3.  The complaint requests the following relief: "Just compensation; grant passports for personal properties pertaining to Nicacio Flores Villalobos, one to (illegible) from serving in military, immediate access to own finances/accounts including trust & allowances, responsibility servitude to be complied with."  ECF No. 1 at 3.

/ / /

/ / /

2

### III. Dismissal with Prejudice

The Court dismisses the complaint because it does not allege a violation of federal law or the federal constitution, which is required to bring an action pursuant to 42 U.S.C. § 1983 and for federal question jurisdiction in this action. *West*, 487 U.S. at 48; 28 U.S.C. § 1331. Dismissal is with prejudice because amendment would be futile. *Plumeau v. Sch. Dist. #40, Cty of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

To the extent that Plaintiff is seeking relief related to Case No. 24-cv-02184-JST, *Villalobos v. Barton, et al.*, Plaintiff must file his request for relief in that case, not file a new case and request consolidation. To the extent that Plaintiff is seeking relief related to his state tort claims filed with the California Government Claims Board, there is no indication that such claims arise under federal law and therefore they do not state a claim under 42 U.S.C. § 1983.

### CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with prejudice. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: July 9, 2025

JON S. TIGAR
United States District Judge

3